UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LANARD TOYS LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-00550-SRB |
| | ) |
| MENARD, INC. and | ) |
| RMS INTERNATIONAL (USA) INC., | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendants Menard, Inc. and RMS International (USA), Inc. ("Defendants") through their undersigned counsel, respond to the allegations of Plaintiff's First Amended Complaint as follows:

1. Defendants admit that the Complaint purports to bring certain claims, but deny the merits of those claims and deny that Plaintiff is entitled to any relief.

2. Defendants deny the allegations of Paragraph 2 of the Complaint.

3. Defendants admit that the Complaint purports to bring certain claims, but deny the merits of those claims and deny that Plaintiff is entitled to any relief.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7, but deny that they are actively promoting, advertising, marketing and/or offering the accused products in this or any other district.

8. Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Menards is a Wisconsin corporation located in Eau Claire, Wisconsin but denies that it is located at 5106 Old Mill Center. Defendants admit that Menards operates a chain of approximately three hundred home improvement stores, and that its stores have offered toys, but Defendants deny that Menards operates throughout the United States.

10. Defendants admit that Menards operates a website at www.menards.com, but denies that it advertises its products throughout the United States.

11. Defendants admit the allegations of Paragraph 11, except the correct address is 8323 NW 12th Street, and Defendants do not admit or deny the allegation with regard to whether the two entities are "affiliates" as that is a legal term, subject to multiple meanings, and the term has not been defined by Plaintiff.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants admit that the "chalk attack" picture included with Paragraph 23 appears to depict a product that was sold by Defendants, but Defendants deny that this product is currently offered by the Defendants and deny this was a "knockoff toy."

22. Defendants admit that RMS supplied a product that appeared similar to the "chalk attack" product depicted in Paragraph 23, but Defendants deny this was a knockoff toy and deny that they are still selling this product.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants state that the depiction of the product and its packaging speak for themselves and deny the allegations of Paragraph 24 to the extent that they do not accurately describe the product and its packaging. Defendants further deny that this was a "knockoff toy."

25. Defendants deny that Menards advertises the product on its website, but admits that the screen shot attached as Exhibit E, upon information and belief, seems to depict how a page on Menards' website appeared at one point in time.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint, but admit that upon information and belief that the image attached to the Complaint as Exhibit F is a copy of a receipt of purchase at a Menards store in Independence, Missouri.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint, but admit that in 2016 Lanard presented several products to Dave Lamont, and included among these

products was a chalk bomb product, which Menard declined to purchase.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**

36. Defendants repeat and incorporate by reference their answers and responses set forth above.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

**40.** Defendants deny the allegations contained in Paragraph 40 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**False Designation of Origin**

41. Defendants repeat and incorporate by reference their answers and responses set forth above.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

### THIRD CLAIM FOR RELIEF
### Trademark Infringement

47. Defendants repeat and incorporate by reference their answers and responses set forth above.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit that the Complaint purports to bring a claim under Section 32 of the Lanham Act, but deny that those claims have any merit and deny that Plaintiff is entitled to any relief.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### Trade Dress Infringement

57. Defendants repeat and incorporate by reference their answers and responses set forth above.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

### (Second) FOURTH CLAIM FOR RELIEF
### Unfair Competition Under Cal. Bus. and Prof. Code § 17200

63. Defendants repeat and incorporate by reference their answers and responses set forth above.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

### GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation contained in the Complaint, and deny that Plaintiff is entitled to any relief requested in its Prayer for Relief, and therefore demand strict proof thereof.

### DEFENSES

Defendants assert the following affirmative defenses:

### FIRST DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because the alleged trademark does not function as a trademark and has been abandoned.

### THIRD DEFENSE

Plaintiff can claim no trademark rights in the alleged mark and registration because the mark is descriptive, generic and/or does not function as a trademark.

### FOURTH DEFENSE

Plaintiff has suffered no recoverable damages, or has failed to mitigate its damages.

### FIFTH DEFENSE

At all times Defendants acted in a lawful and reasonable manner.

### SIXTH DEFENSE

Plaintiff's claims are barred because there is no likelihood of confusion in the marketplace.

### SEVENTH DEFENSE

Defendants did not act willfully, in bad faith, or with malicious intent.

### EIGHTH DEFENSE

Defendants did not use in commerce the term "chalk bomb" or the alleged use does not constitute trademark use and/or is a fair use.

### NINTH DEFENSE

Defendant's alleged copyright, and claim of copyright infringement is limited by the Copyright Act's restriction against protection of Useful Articles.

### TENTH DEFENSE

Plaintiff's alleged trade dress is functional and/or ornamental and is not protectable.

### ELEVENTH DEFENSE

Plaintiff's alleged trade dress has not acquired and is incapable of acquiring secondary meaning.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand trial by jury on Plaintiff's and Counterclaim Plaintiffs' claims for relief as to all issues properly so tried.

## COUNTERCLAIMS

Counterclaim-Plaintiffs Menard, Inc. and RMS International (USA), Inc. ("CC Plaintiffs") by and through their undersigned attorneys, hereby file these counterclaims against Counterclaim-Defendant Lanard Toys Limited ("Lanard") and alleges as follows:

## THE PARTIES

1. Menard, Inc. is a corporation organized under the laws of Wisconsin, having a principal place of business at 5101 Menard Drive, Eau Claire, Wisconsin 54703.

2. RMS International (USA), Inc. is a corporation organized under the laws of Florida, with a principal place of business at 8323 NW 12th Street, Suite 111, Miami, Florida 33126.

3. Upon information and belief, Lanard Toys Limited, is a Hong Kong company with its principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202 and 15 U.S.C. 1119 and 1121.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of the action is situated in this District, and Lanard consented to venue by filing its action in this District.

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. CC Plaintiffs reallege and incorporate by reference the foregoing paragraphs.

7. An actual and present justiciable controversy requiring declaratory relief now exists between CC Plaintiffs and Lanard.

8. Lanard does not own any enforceable trademark rights, exclusive or otherwise, in the alleged CHALK BOMB! trademark because the mark is generic or descriptive.

9. CC Plaintiffs do not infringe any of the intellectual property rights alleged to be owned by Lanard and have committed no acts of trademark, trade dress or copyright infringement, or false designation of origin, or unfair competition.

## COUNTERCLAIM COUNT II
## DECLARATORY JUDGMENT THAT
## LANARD'S TRADEMARK IS INVALID

10. CC Plaintiffs reallege and incorporate by reference the foregoing paragraphs.

11. An actual and present justiciable controversy requiring declaratory relief now exists between CC Plaintiffs and Lanard.

12. Lanard does not own any trademark rights, exclusive or otherwise, in the alleged CHALK BOMB! mark.

13. Lanard's CHALK BOMB! trademark is invalid because the mark does not function as a trademark, is generic and/or descriptive.

## COUNTERCLAIM COUNT III
## CANCELLATION OF US TRADEMARK REGISTRATION NO. 5,046,808

14. CC Plaintiffs reallege and incorporate by reference the foregoing paragraphs.

15. This is a claim for cancellation of Lanard's U.S. Trademark Registration No.

5,046,808 pursuant to 15 U.S.C. § 1051, 1064, and 1119.

16. The CHALK BOMB! mark registered under U.S. Trademark Registration No. 5,046,808 is invalid because the mark does not function as a trademark, is generic and/or descriptive.

17. The continued existence of U.S. Trademark Registration No. 5,046,808 damages and injures CC Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, CC Plaintiffs pray:

1. That pursuant to 28 U.S.C. § 2201, the Court declare Lanard's purported trademark rights in the CHALK BOMB! mark are invalid and/or unenforceable.

2. That the Court, on all claims for relief, grant an award of compensatory, and statutory damages to CC Plaintiffs in an amount to be determined at trial.

3. That the Court adjudge U.S. Trademark Registration No. 5,046,808 cancelled, and issue an Order, pursuant to 15 U.S.C. § 1119, directing the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 5,046,808 with prejudice.

4. That, pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505 and other applicable laws, Lanard be required to pay to CC Plaintiffs the costs of this action, including attorneys' fees and disbursements incurred.

5. Any such other and further relief as this Court deems just and equitable.

Respectfully submitted,

By: s/Victoria L. Smith
    Douglas R. Dalgleish, MO# 35203
    Victoria L. Smith MO# 41915
    Stinson Leonard Street LLP
    1201 Walnut, Suite 2900
    Kansas City, MO 64106
    816.842.8600 ‖ 816.691.3495 [F]
    Doug.dalgleish@stinson.com
    Vicki.smith@stinson.com

    Jeffrey A. Lindenbaum
    COLLEN IP
    The Holyoke-Manhattan Building
    80 South Highland Avenue
    Ossining, New York 10562
    (914) 941 5668
    (914) 941-6091 (facsimile)
    jlindenbaum@collenip.com

Attorneys for Defendants and Counter-Claim Plaintiffs Menard, Inc. and RMS International (USA) Inc.

<u>Certificate of Service</u>

  A copy of the foregoing was filed on ECF and served thereby on counsel of record for the other parties on September 1, 2017.

                <u>s/Victoria L. Smith</u>
                Counsel for Defendants